UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| V. | NO. 10-126 |
| MARQUIS MITCHELL | SECTION "F" |

ORDER AND REASONS

Before the Court is Marquis Mitchell's motion to vacate, set aside, or correct a sentence and incorporated request for appointment of counsel. For the following reasons, the motion is DENIED.

**Background**

On December 8, 2010, Marquis Mitchell pleaded guilty to a four-count indictment, charging violations of the federal Controlled Substances Act. The government also filed a bill of information to establish one prior felony drug conviction under 21 U.S.C. § 851(a). In the plea agreement, Mitchell waived the right to contest his conviction and sentence in a post-conviction proceeding, but he retained a right to raise a claim of ineffective assistance of counsel under limited circumstances.

On September 21, 2011, the Court accepted the plea agreement and sentenced Mitchell to a term of imprisonment of 262 months,

1

which was the low end of the advisory sentencing guidelines range (of 262 to 327 months). Mitchell's advisory guidelines range was informed by his status of "career offender," by virtue of the application of the career offender guideline enhancement contained in the United States Sentencing Guidelines, § 4B1.1(a); the probation office recommended that the Court apply this career offender advisory enhancement because Mitchell's criminal history included two or more convictions for felony drug offenses. Mitchell did not appeal. Invoking a recent U.S. Supreme Court case, Mitchell now challenges his conviction and sentence, arguing that § 851 is unconstitutionally vague.

I.

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255, claiming a right to release from custody on the ground that a sentence ordered by a federal court "was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255.[1] "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and

---

[1] Section 2255 identifies only four bases that might support a motion to vacate: (1) the sentence was imposed in violation of the Constitution of laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." Id.

2

would, if condoned, result in a complete miscarriage of justice." United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996)(citations and internal quotation marks omitted). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid." United States v. Addonizio, 442 U.S. 178, 185 (1979).

The Court "may entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255. Having considered the record, the motion, and the government's response, the Court finds that the record is adequate to address the petitioner's claims and to dispose of them as a matter of law. Accordingly, no evidentiary hearing is necessary. See United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995)("if on th[e] record we can conclude as a matter of law that [the petitioner] cannot establish one or both of the elements necessary to establish his constitutional claim, then an evidentiary hearing is not necessary...."). For the same reasons the Court finds that an evidentiary hearing is not warranted, it likewise finds that Mitchell's request for appointment of counsel must be denied.[2]

---

[2] Unlike defendants in criminal proceedings and prisoners directly appealing judgments in criminal cases as a matter of right, prisoners mounting collateral attacks on their convictions do not

A habeas petitioner has the burden of establishing his claims by a preponderance of the evidence. Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)(citations omitted). If the Court finds that the petitioner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

## II.

Only one claim is presented by Mitchell's habeas petition: he argues that the Supreme Court ruling announced in Johnson v. United States, 135 S. Ct. 2551 (2015) renders unconstitutional the residual clause contained in 21 U.S.C. § 851, entitling him to post conviction relief. The government counters that Johnson is limited to the Armed Career Offender Act's residual clause only; it does not extend to 21 U.S.C. § 851. The government contends that Mitchell's claim fails for additional reasons: he waived the right to contest his conviction and sentence in his plea agreement; his claim is procedurally barred because he failed to file a direct

---

have a constitutional right to appointed counsel. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Adeleke v. United States, 550 Fed.Appx. 237, 239 (5th Cir. 2013). The Court has discretion to appoint counsel to a "financially eligible person" seeking relief under 28 U.S.C. § 2255 when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Mitchell has not demonstrated that his habeas petition presents issues warranting appointment of counsel.

4

appeal (and therefore failed to argue on appeal that the residual clause in § 851 was unconstitutionally vague); and his claim is meritless because § 851 does not contain a residual clause that was affected by Johnson.³ The Court agrees; even if Mitchell had not waived his right to challenge his sentence (which he has), his claim fails as a matter of law.

*A.*

In the plea agreement entered into with the government, and approved by the Court, Mitchell waived his right to collaterally attack his sentence under 28 U.S.C. § 2255 except in very limited circumstances.

A defendant may waive his right to appeal as part of a plea agreement, as long as the waiver is informed and voluntary. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). For a waiver to be informed and voluntary, the defendant must understand the consequences of the waiver. United States v. Baty, 980 F.2d 977, 979 (5th Cir. 1992). Namely, "that [the defendant] had a right to appeal his sentence and that he was giving up that right." United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994)(quoting United

---

³ The government assumes that the habeas petition is timely because it was filed within one year of Johnson. See Welch v. United States, 136 S. Ct. 1257, 1268 (2016)("Johnson announced a substantive rule that has retroactive effect in cases on collateral review.").

States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992)). A defendant's statement at his guilty plea hearing that he understood and voluntarily approved of his plea is persuasive because "[s]olemn declarations in open court carry a strong presumption of verity." Wilkes, 20 F.3d at 653 (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)); United States v. Cantu, 273 F.3d 393, at *1 (5th Cir. 2001)(unpublished, per curiam). In determining whether the waiver was informed and voluntary, the reviewing court considers whether there is any indication in the record that the defendant was confused by the waiver-of-appeal provision. "[W]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision," the Fifth Circuit has instructed, "the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal." Portillo, 18 F.3d at 292-93.

Here, it is undisputed that Mitchell signed a plea agreement that states in part:

> The defendant [] waives his right to contest his conviction and/or sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of

6

> counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

The plain language of this waiver provision precludes collateral review of Mitchell's claim here. Mitchell does not claim that the waiver of his right to collaterally challenge his sentence was involuntary. Nor does he point to any evidence in the record that would support such a claim. Because Mitchell agreed to waive his right to a post-conviction proceeding (except to advance limited challenges not pursued here), and he fails to challenge the enforceability of that waiver, Mitchell's waiver in the plea agreement forecloses habeas relief.

*B.*

Mitchell's claim must be denied for the independent reason that it fails as a matter of law. Because his sentence was not based on the unconstitutionally vague residual clause of the Armed Career Criminal Act[4] struck down by Johnson, he is ineligible for relief.

The Supreme Court in Johnson v. United States, 135 S. Ct. 2551, 2557 (2015) held that the residual clause of the definition of "violent felony" in the Armed Career Criminal Act is

---

[4] The Armed Career Criminal Act, 18 U.S.C. § 924(e) imposes a 15-year mandatory minimum sentence on certain federal defendants who have three prior convictions for a "violent felony" or "serious drug offense."

7

unconstitutionally vague.[5] Notably, and fatal to Mitchell's claim here, the Supreme Court has determined that Johnson's holding is limited to (i) the Armed Career Criminal Act's residual clause, see Beckles v. United States, 137 S. Ct. 886 (2017)(Johnson vagueness challenge does not extend to advisory Sentencing Guidelines) as well as (ii) a similarly worded residual clause in the federal criminal code's definition of "crime of violence," 18 U.S.C. § 16(b),[6] see Sessions v. Dimaya, 138 S. Ct. 1204, 1210 (April 17, 2018)(holding that 18 U.S.C. § 16(b), as incorporated into the Immigration and Nationality Act's definition of "aggravated felony" (8 U.S.C. § 1101(a)(43)(F)), is impermissibly vague in violation of the Due Process Clause of the Fifth Amendment).[7]

---

[5] The residual clause of the ACCA defines "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

[6] 18 U.S.C. § 16(b) defines "crime of violence" as an offense "involv[ing] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

[7] The Supreme Court characterized Dimaya as a "straightforward application" of Johnson because § 16's residual clause "has the same two features as [the] ACCA's, combined in the same constitutionally problematic way." Id. at 1213. In striking down § 16(b), the Supreme Court abrogated United States v. Gonzalez-Longoria, 831 F.3d 670, 677 (5th Cir. 2016)(*en banc*), in which the Fifth Circuit, *en banc*, distinguished the ACCA's residual clause from § 16's.

Seeking to extend Johnson, Mitchell claims that § 851 is unconstitutionally vague. But he offers no support for his argument. Unlike Johnson or Dimaya, Mitchell's sentence was not enhanced pursuant to a vague residual clause attempting to define a violent felony. In fact, there is no violent felony involved in Mitchell's case; rather, Mitchell's sentence was enhanced pursuant to § 851 and U.S.S.G. 4B1.1, the career offender advisory guideline, because of his prior felony drug convictions. Section 851 does not contain a residual clause, and "felony drug offense" is defined at § 802(44). That Mitchell's sentence was enhanced based on prior felony drug convictions under § 851 and the advisory sentencing guidelines renders him ineligible for relief under Johnson. Other district courts reinforce this Court's conclusion that Johnson has no bearing on Mitchell's claim. See Graham v. United States, No. 13-132, 2017 WL 2633495, at *11 (D. R.I. June 19, 2017)(rejecting defendant's argument that § 851 is unconstitutionally vague under Johnson); United States v. Dixon, No. 09-207, 2016 WL 5390304, at *3 (D. S.C. Sept. 27, 2016)(same); King v. United States, No. 15-2018, 2016 WL 592798, at *4-5 (M.D. Fla. Feb. 11, 2016)(same).

Because the Court finds that Mitchell's habeas petition must be denied due to waiver and as a matter of law,[8] the Court does not reach the government's alternative procedural default argument.

*C.*

Rule 11 of the Rules Governing Section 2255 Proceedings states:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.

A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to obtain a certificate of appealability, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537

---

[8] Insofar as Mitchell's habeas petition can be read to seek Johnson relief based upon application of the career offender guideline enhancement, United States Sentencing Guidelines § 4B1.1(a), which informed his advisory sentencing guideline range of 262 to 327 months, relief is likewise foreclosed by Beckles, which held that "the advisory Sentencing Guidelines are not subject to a due process vagueness challenge." 137 S. Ct. at 897.

U.S. 322, 336 (2003). Because Mitchell waived the right to contest his sentence in this type of post-conviction proceeding and § 851 does not contain a residual clause that was affected by Johnson, Mitchell has not made a substantial showing of the denial of a constitutional right.

Accordingly, for the foregoing reasons, IT IS ORDERED that Mitchell's motion to vacate, set aside, or correct sentence and his incorporated request to appoint counsel is DENIED. Mitchell's habeas petition is dismissed with prejudice. IT IS FURTHER ORDERED: that the Court shall not issue a certificate of appealability.

New Orleans, Louisiana, April 25, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE