UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL ACTION

v.                                                      NO. 10-126

MARQUIS MITCHELL                                        SECTION "F"

TRANSFER ORDER

Marquis Mitchell filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255 in which he seeks relief based on alleged corrupt acts by former Drug Enforcement Agent Chad Scott, who was involved in Mitchell's arrest and prosecution. Meanwhile, the Court granted a separate previously-filed motion by Mr. Mitchell in which the Court reduced his sentence under the First Step Act. This ruling resulted in Mr. Mitchell's release from prison. See Order dtd. 4/2/20.

Because Mr. Mitchell was in custody when he filed his habeas petition and insofar as Mr. Mitchell alleges that he was wrongfully convicted (and the Court presumes that a wrongful criminal conviction has continuing collateral consequences sufficient to confer Article III standing), Mr. Mitchell's release from prison

1

did not moot his habeas petition.  See Spencer v. Kemna, 523 U.S. 1, 6 (1998).  But he still must receive pre-authorization from the U.S. Fifth Circuit Court of Appeals to pursue habeas relief in district court.

This is so because a review of the record reflects that Mitchell filed a prior § 2255 motion to vacate the same conviction and sentence.  The Court denied the § 2255 motion and declined to issue a certificate of appealability.

In the most recent § 2255 motion, Mitchell contends that newly discovered evidence -- that DEA Agent Chad Scott was a corrupt agent -- undermines Mitchell's conviction.  Mitchell's motion is a second or successive application under 28 U.S.C. §§ 2244 and 2255. To overcome the prohibition against second or successive applications, the motion must be certified by a panel of the appropriate court of appeals to contain —

1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1)-(2).

Before this Court can consider his motion on the merits, Mitchell must obtain certification from the United States Court of Appeals for the Fifth Circuit to file this second or successive motion. Until then, this Court lacks jurisdiction. Accordingly,

IT IS ORDERED that Marquis Mitchell's motion to vacate is construed as a motion for certification for consideration of second or successive claims.

IT IS FURTHER ORDERED that Marquis Mitchell's motion is TRANSFERRED to the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 1631 for that court to determine whether Mitchell is authorized under 28 U.S.C. §§ 2244 and 2255 to file the motion to vacate in this Court.

New Orleans, Louisiana, October 9, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE